UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LEXINGTON

| | | |
|---|---|---|
| KATRINA EVERSOLE, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: 05-124-KSF |
| | ) | |
| EMC MORTGAGE CORPORATION, | ) | **Electronically Filed** |
| | ) | |
| Defendants. | ) | |

# DEFENDANT'S MEMORANDUM IN SUPPORT OF
# MOTION FOR PROTECTIVE ORDER AND TO STAY DISCOVERY

## INTRODUCTION

Pursuant to Fed. R. Civ. P. 26(c) and 26(d), defendant EMC Mortgage Corporation ("EMC") respectfully moves the Court for an order that it not be required to respond to certain discovery requests served by plaintiff in violation of the civil rules and, further, staying discovery until such time as a ruling on defendant's motion to dismiss would necessitate the filing of an answer.

## STATEMENT OF THE CASE

EMC is a home mortgage loan servicer, and among other things, collects and accounts for loan payments on behalf of the loans' owners. EMC acquired the servicing rights to plaintiff Katrina Eversole's loan effective January 1, 2005. Dissatisfied with EMC's handling of her account during the first three months of 2005, Eversole filed suit against EMC on April 1, 2005. The following month, she filed and served a first amended complaint.

Eversole's first amended complaint alleges that EMC engages in wrongful conduct in carrying out its loan servicing functions: not applying or mis-applying payments, misrepresenting facts or legal rights, and falsely threatening foreclosure. These claims are asserted both on Eversole's individual behalf and on behalf of a putative class of other EMC customers. On June 10, 2005, EMC filed a motion to dismiss Eversole's first amended complaint in accordance with Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. If granted, EMC's motion would dispose of all of Eversole's claims.

Before EMC had even filed its responsive pleading, on May 21, 2005, Eversole served 20 pages of discovery consisting of 57 requests for admissions, 7 interrogatories (one containing 19 subparts), and 21 document requests. McClendon Certification, ¶ 2, Ex. A. This discovery seeks, in addition to other information, detailed data concerning Kentucky mortgage loan accounts EMC has serviced since 2001.

On May 31, EMC objected that this discovery was in violation of Rule 26(d) because it had been served prior to the parties' "meet and confer" conference and was therefore premature McClendon Cert., ¶ 3, Ex B. In the parties' subsequent Rule 16 conference on June 3, counsel for the parties discussed plaintiff's discovery requests. *Id.* at ¶ 4. EMC pointed out that Rule 26(d) bars litigants from conducting discovery before the parties have conferred. *Id.* EMC also generally objected to any further attempts at discovery unless and until EMC were required to file an answer. In response, Eversole's counsel indicated he would research the issue and notify EMC whether the discovery would be withdrawn. *Id.*

Eversole never provided the promised response. *Id.* at ¶ 5. Accordingly, EMC sent another letter on June 10, 2005 further detailing its position regarding the discovery and again requesting Eversole's response. *Id.* at ¶ 5, Ex. C. When Eversole did not respond to this letter,

EMC again attempted to obtain a response from her counsel; this communication also went unanswered. *Id.* at ¶ 6, Ex. D.

EMC thus has been forced to seek this Court's assistance regarding the parties' discovery dispute, in advance of the purported deadline for responding to Eversole's discovery served May 21, 2005.

## ARGUMENT

### A. EMC Should Not Be Required to Respond to Eversole's Premature Discovery Requests

Rule 26(d) of the Federal Rules of Civil Procedure governs the timing of discovery, stating "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Rule 26(f), in turn, requires that the parties confer to consider the nature of their claims and defenses and the possibility of a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan.

Eversole served requests for admissions, interrogatories, and document requests on EMC on May 21, 2005. However, at that time, the parties had not conducted the Rule 26(f)-mandated conference. McClendon Cert. ¶¶ 2-3. Accordingly, Eversole's discovery violates Rule 26(d), and the Court should enter an order that EMC has no duty to respond to it at this time.

Eversole's attempt to flout this rule is more than a matter of improper timing, and she cannot now argue that the parties' subsequent Rule 16 conference makes the discovery permissible. The purpose of Rule 26 was to improve judicial supervision over the discovery process and to provide a party threatened with abusive discovery with a means—other than filing a motion—to obtain judicial assistance. Fed. R. Civ. P. 26(f) 1993 advisory committee's note. "The amendment envisioned a two-step process: first, the parties would attempt to frame a

mutually agreeable plan; second, the court would hold a "discovery conference" and then enter an order establishing a schedule and limitations for the conduct of discovery." *Id.*

The parties' Rule 16 conference, which took place on June 3, did not result in a mutually agreeable discovery plan. EMC informed Eversole that it objected to any discovery prior to the time the pleadings are settled; Eversole disagreed with this position. Further, EMC took the position that class certification-related discovery and merits discovery should be bifurcated; Eversole disagreed. These areas of disagreement are set out in the parties' Joint Report on Planning Meeting[1] so that, as contemplated by Rules 16 and 26, the Court can assist with the parties' disagreement when it convenes a Rule 16 conference.

By charging ahead and serving discovery before she was authorized to do so, plaintiff bypassed the proper procedure, prevented the Court and the parties from realizing the efficiencies underlying Rule 26, and forced EMC to file a motion where none should have been necessary. For this additional reason, EMC should be excused from responding to Eversole's May 21 discovery requests.

**B.     The Court Should Stay All Discovery Until the Pleadings Are Settled**

EMC also requests that the Court stay all discovery until it has been ordered to answer Eversole's complaint. EMC's request is authorized by Rule 26(c), which permits a District Court to stay discovery on a showing of good cause, and by Rule 26(d), which authorizes the Court to control the timing and sequence of discovery.

As mentioned above, EMC filed a motion to dismiss Eversole's first amended complaint pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure on June 10, 2005. That motion has not been ruled upon or even fully briefed.

---

[1] The parties have agreed on the form of the Joint Report, and EMC has signed this document and returned it to Eversole for filing with the Court.

Courts widely accept that discovery should not be permitted to proceed while a challenge to the sufficiency of the pleadings is pending. *E.g., Chudasama v. Mazda Motor Corporation*, 123 F.3d 1353 (11th Cir. 1997). Cases so ruling are grounded on three principles, all of which apply here.

First, discovery simply is not necessary prior to the ruling on a motion to dismiss.

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. . . . Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.

*Chudasama*, 123 F.3d at 1367.

Indeed, "[d]iscovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim." *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981) (holding that trial court did not abuse its discretion in ruling on motion to dismiss prior to commencement of discovery); *see also Horsley v. Feldt*, 304 F.3d 1125, 1131 fn. 2 (11th Cir. 2002) (trial court did not abuse its discretion in barring discovery; motions for judgment on the pleadings are facial challenges to the legal sufficiency of the pleadings, and therefore discovery is not needed); *Johnson v. New York Univ. School of Educ.*, 205 F.R.D. 433 (S.D.N.Y. 2002) (granting defendant's motion to stay pending court's determination of motion to dismiss).

Second, the scope of permissible discovery is determined by the claims and defenses raised in the case. Fed. R. Civ. P. 26(b)(1). "Parties may obtain discovery regarding any matter, not privileged, *that is relevant to the claim or defense of any party*. . . ." *Id.* (emphasis added). Until the pleadings are settled, the claims and defenses remain unknown. Thus, it cannot be determined what subject matter is properly the subject of discovery.

Third, the costs associated with discovery should be avoided where possible. As the Court of Appeals discusses at length in the *Chudasama* decision, discovery imposes significant costs on litigants and courts. *Chudasama*, 123 F.3d at 1367. A party served with discovery requests must search for and compile relevant documents and information. *Id*. The attorney must review and interpret the discovery requests, draft responses, advise the client regarding which documents should be produced and which should not, and decide what information is privileged from disclosure. *Id*. The court's resources may be needed to resolve any discovery disputes. *Id*.

However, if the court dismisses a nonmeritorious claim before discovery has begun, these unnecessary costs to the parties and to the court system can be avoided. *Chudasama*, 123 F.3d at 1368. "Thus, when faced with a motion to dismiss a claim for relief that significantly enlarges the scope of discovery, the district court should rule on the motion before entering discovery orders, if possible." *Id*.

All of these factors justify the stay EMC requests. EMC's pending motion to dismiss challenges the sufficiency of Eversole's first amended complaint. The motion does not raise any issues of fact, and discovery is therefore unnecessary at this time. Further, until the scope of Eversole's claims is known, the parties cannot determine what discovery is permitted under Rule 26(b)(1), and EMC therefore cannot evaluate what objections it can appropriately raise to this discovery. Finally, the costs associated with responding to Eversole's discovery are great, as even a cursory review of the requests reveals. Further, many (if not all) of Eversole's discovery requests would be unnecessary if EMC's motion is granted in whole or in part. This Court should follow the directive of the Court of Appeals in *Chudasama* and rule on EMC's motion to dismiss before allowing discovery to proceed.

## CONCLUSION

For the reasons stated above, EMC respectfully requests that the Court enter an order that it need not respond to the discovery requests served by plaintiff on May 21, 2005 and, further, staying all discovery pending a ruling by this Court on defendant's motion to dismiss which would necessitate the filing of an answer by EMC.

Respectfully submitted,


David S. Kaplan
FROST BROWN TODD LLC
400 W. Market Street, 32nd Floor
Louisville, KY  40202-3363
(502) 589-5400 – P
(502) 581-1087 – F
dkaplan@fbtlaw.com

John B. Sullivan
Regina J. McClendon
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, 26th Floor
San Francisco, CA  94111
(415) 398-3344


By:   s/David S. Kaplan
         COUNSEL FOR DEFENDANTS

- 8 -

## CERTIFICATE OF SERVICE

      I hereby certify that on June 20, 2005, I electronically filed the foregoing document with the clerk of the court by using the CM/ECF system.  I further certify that I mailed the foregoing document by first-class mail to the following:

Hon. Robert R. Sparks
Parry Deering Futscher & Sparks, P.S.C.
411 Garrard Street
Covington, KY  41011

Hon. Mark Fistos
James, Hoyer, Newcomer & Smiljanich, P.A.
3301 Thomasville Road, A200
Tallahassee, FL  32308

Hon. John A. Yanchunis
James, Hoyer, Newcomer & Smiljanich, P.A.
4830 W. Kennedy Blvd., Suite 550
Tampa, FL  33609

Hon. Steven Jaffe
Aronovitz Trial Lawyers
Suite 2700, Museum Tower
150 W. Flagler Street
Miami, FL  33130

By: s/David S. Kaplan
*One of Counsel for Defendant*

LOULibrary 0107610.0532741  468686v.2