Eastern District of Kentucky
**FILED**

NOV 0 9 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-124-KSF

KATRINA EVERSOLE, et al.,                            PLAINTIFF

V.                       **OPINION AND ORDER**

EMC MORTGAGE CORPORATION                        DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the defendant's Motion to Dismiss this action [DE # 11]. Having been fully briefed, this matter is ripe for review.

I.      **RELEVANT BACKGROUND**

In August of 2004, the plaintiff ("Eversole") obtained a loan from The CIT Group/Consumers Finance, Inc. ("CIT"). Subsequently, CIT transferred servicing rights in Eversole's loan to the defendant ("EMC") in January of 2005.

Eversole alleges that EMC owes a legal duty to consumers whose loans it services, to account for and apply consumers' mortgage payments to reduce principal and pay interest properly and in a timely manner. In her First Amended Complaint, Eversole stated that EMC engaged in a widespread, common course of conduct, which caused injury in fact and ascertainable loss to consumers, including the plaintiff and the members of the class she outlines in her Complaint.

Therefore, the plaintiff seeks to represent the class of victims against the defendant, EMC, because of the injuries caused by EMC's routine violation of the contractual rights of the class

members. The defendant filed a motion to dismiss this action pursuant to the Federal Rules of Civil Procedure 9(b) and 12(b)(6).

## II. DEFENDANT'S MOTION TO DISMISS

The defendant argues that the plaintiff's claim based on the Kentucky Consumer Protection Act fails to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Furthermore, the defendant argues that the remainder of the plaintiff's claims fail to plead facts with particularity pursuant to Federal Rule of Civil Procedure 9(b).

In relation to the plaintiff's first claim, based on the Kentucky Consumer Protection Act, the defendant argues that the plaintiff lacks standing because she did not suffer monetary loss as a direct result of purchasing goods or services, as is required by the Kentucky Consumer Protection Act. Noting that the plaintiff did not sue the company from which she purchased the loan, the defendant claims that she has not suffered the direct loss, caused by her purchase of goods or services, that is protected by the Kentucky Consumer Protection Act, KRS § 367.170.

With regard to the remainder of the plaintiff's claims, the defendant contends that each claim is based on misrepresentation, and therefore should be pled with specificity pursuant to Rule 9(b).

### A. Standard

It is well established that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). "All factual allegations are deemed true and any ambiguities must be resolved in plaintiff's favor." Persian Galleries, Inc. v. Transcontinental Ins. Co., 38 F.3d 253, 258 (6th Cir. 1994). Plaintiff must

assert more than bare legal conclusions. In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993). "In practice, 'a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" Id. (quoting Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988)). In short, the issue when considering this motion to dismiss is not whether the plaintiff will ultimately prevail, but rather, whether the plaintiff is entitled to offer evidence in support of her claims.

**B.     Analysis**

The plaintiff in this action purchased a loan from CIT. Subsequently, CIT transferred the loan to EMC to service. The plaintiff never entered into a contract with EMC. Section 367.170 of the Kentucky Revised Statutes does not allow a person who is not in privity with the servicer to bring an action for violation of the statute. See, Arnold v. Microsoft Corp., 2001 WL 1835377 *7 (Ky.App. 2001)(unpublished decision). The Consumer Protection Act is a remedial legislation enacted to give consumers broad protection from illegal actions. However, the individual must be in the protected class of persons defined in KRS 367.220 to bring an action. Id. Section 367.220 allows anyone who purchases or leases good or services and suffers any ascertainable loss of money or property to bring an action against the sellor or leasor. KRS § 367.220. "A person who is not in privity with the seller is not within the class of persons which the Consumer Protection Act was designed to protect." Arnold, 2001 WL 1835377 *7. Since the plaintiff purchased nothing from the defendant, she is not in privity with EMC, and therefore § 367.220 provides no recovery. KY Laborers Dist. Council Health and Welfare Trust Fund v. Hill & Knowlton, Inc., 24 F.Supp.2d 755, 773 (W.D.Ky. 1998). Instead, CIT is in privity with EMC. "The language of the statute plainly contemplates an action by a purchaser against his immediate

3

seller." Skilcraft Sheetmetal, Inc. v. Kentucky Machinery, Inc., 836 S.W.2d 907, 909 (Ky.App. 1992).

For these reasons, the Court agrees with the defendant, that the plaintiff lacks standing to sue the defendant under the Kentucky Consumer Protection Act.

Federal Rule of Civil Procedure 9(b) requires claims of fraud or mistake to be stated with particularity. In her response to the defendant's motion, the plaintiff claims that fraud is not the gravamen of her action. Rather, the plaintiff claims that her action is about the defendant's business practice. At this point, all facts must be taken in a light most favorable to the plaintiff. See, Persian Galleries, 38 F3d at 258.

For this reason, the Court believes that the defendant's argument, based on Rule 9(b), is not well taken.

## III. CONCLUSION

Therefore, the Court being otherwise fully and sufficiently advised, HEREBY ORDERS that the defendant's motion to dismiss [DE #11], is GRANTED IN PART AND DENIED IN PART. The motion is GRANTED to the extent that the plaintiff's first claim arguing a violation of the Kentucky Consumer Protection Act is DISMISSED, and DENIED to the extent that the plaintiff's remaining claims are not dismissed.

This ____ day of November, 2005.

KARL S. FORESTER, SENIOR JUDGE

4